# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**ERIC A. MOORE,**
          **Petitioner,**

    **v.**                                      **Case No.  05C0733**

**DANIEL BERTRAND,**
          **Respondent.**

---

## <u>ORDER</u>

On July 11, 2005, Eric A. Moore filed this petition pursuant to 28 U.S.C. § 2254, asserting that his state court conviction and sentence were imposed in violation of the Constitution.  Petitioner was convicted in Milwaukee County Circuit Court of sexual assault. He was sentenced to 27 months imprisonment and is currently incarcerated at Green Bay Correctional Institution.

Pursuant to Rule 4 of the Rules Governing § 2254 Cases, I must give the case prompt initial consideration.

> If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified.  Otherwise the judge shall order the respondent to file an answer.

Rule 4, Rules Governing § 2254 Cases.  During my initial review of habeas petitions, I look to see whether the petitioner has set forth cognizable constitutional or federal law claims.

Petitioner raises two grounds for relief.  First, he alleges that the district attorney knowingly failed "to disclose the fact that [a] witness refused to testify on the state's behalf" and that the district attorney "withheld [the] fact that [a] witness admitted to giv[ing] false statement."  Broadly construed, petitioner appears to be claiming that the prosecution

withheld exculpatory evidence from him. This is clearly a constitutional claim. <u>Brady v. Maryland</u>, 373 U.S. 83 (1963); <u>see also</u> <u>Banks v. Dretke</u>, 540 U.S. 668, 683-84 (2004) (withholding of material exculpatory evidence is a constitutional violation)**.**

Petitioner entitles his second claim "denial of appeal." He states: "I filed undecidedly then wrote [my] lawyer to inform him that I wished to pursue appeal. Not long after that I fled from work release and I'm being told that because of my escape that's [sic] grounds to deny me." It is unclear that this statement alleges a constitutional violation. However, construing this statement broadly, petitioner may be asserting that his lawyer was ineffective because his lawyer informed him that fleeing from work release is a grounds to deny the appeal. If he is asserting that he received ineffective assistance of counsel, this would clearly be a constitutional claim. <u>Strickland v. Washington</u>, 466 U.S. 668 (1984).

Petitioner filed with his petition an application for leave to proceed in forma pauperis. Upon review of his trust account statement and his affidavit, the court is satisfied that petitioner is unable to pay the $5.00 filing fee for this habeas case. Thus, I will grant his request to proceed in forma pauperis.

**THEREFORE, IT IS ORDERED** that within 30 days of the date of this order respondent **ANSWER** the petition, complying with Rule 5 of the Rules Governing § 2254 Cases, and showing cause, if any, why the writ should not issue.

**FURTHER, IT IS ORDERED** that unless respondent files a dispositive motion with its answer the parties shall abide by the following schedule regarding the filing of briefs on the merits of petitioner's claims: (1) petitioner shall have 45 days following the filing of respondent's answer within which to file his brief in support of his petition; (2) respondent

shall have 45 days following the filing of petitioner's initial brief within which to file a brief in opposition; and (3) petitioner shall have 30 days following the filing of respondent's opposition brief within which to file a reply brief, if any.

In the event that respondent files a dispositive motion and supporting brief with its answer, this briefing schedule will be suspended and the briefing schedule will be as follows: (1) petitioner shall have 45 days following the filing of respondent's dispositive motion and supporting initial brief within which to file a brief in opposition; and (2) respondent shall have 30 days following the filing of petitioner's opposition brief within which to file a reply brief, if any.

Pursuant to Civil L.R. 7.1(f), the following page limitations apply: briefs in support of or in opposition to the habeas petition or a dispositive motion filed by respondent must not exceed thirty pages and reply briefs must not exceed fifteen pages, not counting any statements of facts, exhibits, and affidavits.

**FURTHER, IT IS ORDERED** that petitioner's request for leave to proceed in forma pauperis is **GRANTED.**

Petitioner is advised that he must send copies of all future filings with the court to counsel for respondent, no matter whether in letter, brief, memorandum, or other form. Until respondent files his or her answer, these copies should be sent to Gregory Weber at the address below.

3

Pursuant to Rule 4 of the Rules Governing § 2254 Cases, copies of the petition and this order will be mailed by certified mail to respondent Daniel Bertrand and to the Attorney General for the State of Wisconsin, c/o Gregory Weber, Assistant Attorney General, P.O. Box 7857, Madison, WI 53707.

Dated at Milwaukee, Wisconsin, this 1 day of August, 2005.


/s_____
LYNN ADELMAN
District Judge

4